UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AGANE MOHAMED WARSAME,

    Petitioner,

v.                                        Case No: 2:17-cv-698-FtM-38MRM

JEFFERSON B. SESSIONS, JOHN
F. KELLY, MARC J. MOORE and
WARDEN OF IMMIGRATION
DETENTION FACILITY,

    Respondents.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Agane Mohamed Warsame's Petition for Writ of Habeas Corpus (Doc. 1) filed on December 18, 2017. At the time Petitioner filed his Petition, he was in Immigration and Customs Enforcement ("ICE") custody since August 1, 2017. *Id.* Petitioner asserted that he was being unlawfully detained under *Zadvydas v. Davis*,[2] and requested the Court, *inter alia*, to direct Respondents to "immediately release" him from custody. *Id.* at 9.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] *Zadvydas v. Davis*, 533 U.S. 678 (2001) (The United States may not indefinitely detain aliens under an order of deportation. To justify detention of aliens for a period of longer than six months, the government is required to show removal in the foreseeable future or special circumstances.). Arguably, the Petition was filed prematurely since the six-month period had not expired at the time Petitioner filed his Petition.

The Court ordered Respondents to show cause why the petition should not be granted (Doc. 5). Respondents filed a Response (Doc. 7) moving the Court to dismiss the Petition on March 12, 2018. The Court afforded Petitioner an opportunity to file a reply (Doc. 8). Respondents sought leave to supplement the Response (Doc. 9), which the Court granted (Doc. 11). Respondents filed a Supplemental Return to Petition (Doc. 12) with exhibits (Doc. 12-1 to Doc. 12-12) on June 15, 2018. The Court afforded Petitioner an opportunity to file a reply to the Supplemental Return on or before June 29, 2018 (Doc. 11). As of the date of this Order, Petitioner has not filed a reply. For the reasons set forth in this Order, the Court finds the Petition must be dismissed as moot.

## **Background**

Petitioner is a native and citizen of Somalia who was admitted into the United States at St. Paul, Minnesota on December 8, 1995. Doc. 1, ¶ 6; Doc. 12-1. Petitioner's status was adjusted to lawful permanent resident on March 5, 1997. Doc. 12-1. On April 16, 2007, Petitioner was convicted of a violation of a law relating to a controlled substance and was serving a 27-month sentence in a Minnesota state prison. Doc. 12-2, ¶ 3; Doc. 12-4. On March 24, 2008, ICE detained Petitioner and served him with a Notice to Appear, charging him with removability pursuant to (1) Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i), (controlled substance conviction), and (2) Section 237(a)(2)(A)(iii) Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony conviction). *Id.*, ¶ 4; Doc. 12-3. On April 3, 2008, an immigration judge ordered Petitioner removed from the United States to Somalia. Doc. 12-5. Petitioner waived his right to appeal and the removal decision is administratively final. Doc. 12-2, ¶ 5. On July 9, 2008, Petitioner was released pursuant to an order of

supervision pending removal. *Id.*, ¶ 7; Doc. 12-8. On August 1, 2017, Petitioner's order of supervision was revoked, and Petitioner was returned to ICE custody. Doc. 12-2, ¶ 13; Doc. 12-9; Doc. 12-10. On December 18, 2017, Petitioner filed his Petition claiming that his continued detention by ICE violates 8 U.S.C. §1231(a)(6) as recognized by the Supreme Court's decision in *Zadvydas.* Doc. 1 at 7. Petitioner also asserted substantive and procedural due process violations under the Fifth Amendment stemming from his continued detention. Doc. 1 at 7-8. On April 20, 2018, Petitioner was charged by Information for violation of Fla. Stat. § 843.01; 777.011, resisting an officer with violence, a third-degree felony. Doc. 12-11. Petitioner was arrested and transferred out of ICE custody and into the custody of the Glades County Sheriff. Doc. 12-12, ¶ 4). As of the date on this Order, Petitioner remains in Glades County jail pending his criminal prosecution in the Twentieth Judicial Circuit Court (Case No. 18-000053-CF). www.gladessheriff.org.

## **<u>Analysis</u>**

For the reasons set forth below, the Court concludes that this action must be dismissed as moot. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

However, dismissal after release from the custody is not automatic; a habeas petition continues to present a live controversy after the petitioner's release or deportation

3

when there is some remaining "collateral consequence" that may be redressed by success on the petition. See *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); *Lopez v. Gonzales*, 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his application for cancellation of removal). This exception to the mootness doctrine applies when: (1) the challenged action is too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

In the instant case, Petitioner challenges his extended detention pending deportation and seeks immediate release from ICE custody and any further illegal detention by ICE. Doc. 1 at 10. Petitioner does not challenge the underlying order of removal. Therefore, Petitioner's claim was resolved when he was transferred out of the custody of ICE and placed into the custody of the Glades County Sheriff. The chances of his extended detention happening again are too speculative to create a controversy sufficient to support a claim for relief, and the narrow exception to the mootness doctrine does not apply. Even should review of this matter somehow become necessary in the future, there is no reason to expect either inadequate time or an inadequate forum in which to litigate the issue. The narrow exception to the mootness doctrine does not apply, and Petitioner's claim that he is being unconstitutionally held is dismissed as moot.

Since the Court can no longer give Petitioner any meaningful relief, his § 2241 petition is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336, 1253; *Riley v. I.N.S.*, 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a petitioner's challenge to the legality of his extended detention); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended detention mooted § 2241 habeas petition because the alien "achieved the result he sought in his habeas petition"); *see also Phang v. Whiddon*, Case No. 2:13-cv-149-FtM-29DNF, 2014 WL 6685345, * 3 (M.D. Fla. 2014).

Accordingly, it is now

**ORDERED:**

Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of July 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record